## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

**JOSEPH R. TOMELLERI,**

                **Plaintiff,**

**v.**

**BLUE RIBBON FLIES, INC.,**
Serve:
Kristy Coffin
309 Canyon Street
West Yellowstone, Montana 59758

**and**

**OURAY SPORTSWEAR, LLC**
O Sportswear, LLC
1201 W. Mansfield Ave.
Englewood, Colorado 80110

                **Defendants.**

**Civil Action:**

**JURY DEMANDED**

---

### COMPLAINT

---

COMES NOW Plaintiff Joseph R. Tomelleri ("Plaintiff") and, for his Complaint against Blue Ribbon Flies, Inc. ("Blue Ribbon") and Ouray Sportswear, LLC ("Ouray") (collectively "Defendants"), alleges and states as follows:

### JURISDICTION AND VENUE

1.      This claim is brought pursuant to 17 U.S.C. § 101, *et seq*., for copyright infringement, and 17 U.S.C. § 1202, *et seq.,* for removal or alteration of copyright management information.

2.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 (a) and (b) because this case arises under the copyright laws of the United States. (17 U.S.C. § 101 et seq.).

3.      This Court also has original jurisdiction of pursuant to 28 U.S.C. 1332 (a) (1) because there is diversity of citizenship, and the matter exceeds the sum or value of $75,000.00, exclusive of interest and costs.

4.      This Court has personal jurisdiction, pursuant to Colo. Rev. Stat. § 13-1-124 over the Defendants because: Defendant Ouray is incorporated in this District; Defendant Ouray's principal place of business is located in this District; and Defendant Blue Ribbon entered into a contract with Defendant Ouray for the manufacture and distribution of merchandise bearing Plaintiff's protected work.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)((2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

6.      Plaintiff is an adult individual and a resident of the State of Kansas.

7.      Defendant Blue Ribbon is a corporation organized and existing in good standing in the State of Montana which lists its principal office as 309 Canyon Street, West Yellowstone, Montana 59758. Defendant Blue Ribbon may be served through its registered agent, Kristy Coffin, 309 Canyon Street, West Yellowstone, Montana 59758.

8.      Defendant Ouray is a limited liability company organized and existing in good standing in the State of Colorado which lists its principal office as 1201 W. Mansfield Avenue Englewood, Colorado 80110.  Defendant Ouray may be served through its registered agent, O Sportswear, LLC, 1201 W. Mansfield Avenue, Englewood, Colorado 80110.

## PLAINTIFF'S BACKGROUND AND WORKS

9.      Plaintiff is a trained biologist and artist, who has spent most of his working life collecting, studying and illustrating fish species within North America.

10.      Plaintiff's illustrations have been published in several scientific studies, journals, books, magazines, and fish identification guides.

11.      Plaintiff is the owner of the website, www.americanfishes.com, where his illustrations are available for purchase.  Plaintiff has illustrated over one thousand (1,000) fish in his career from specimens caught in the wild.

12.      Plaintiff's illustrations are registered under Title 17 of the United States Code (Copyright Act of 1976) and all other United States laws governing copyrights, under the following copyright registration numbers:  TX0005813942; TX0005639631; TX0005639632; VA0000998415; VA0001151489;      TX0005597332;      VA0001229832;      VA0001291994;      VA0001339459; VA0001392179;      VA0001645962;      VA0001741737;      VA0001743819;      VA0001786445; VA0001799888; VA0001800740; VA001799485; VA0001779644; VA0001787183; TX0007020033; TX0006998390;      VA0001783041;      VA0001787182;      VA0001827025;      VA0001787184; VA0001779955;      VA0001814563;      VA0001779953;      VAU001089450;      VAU001066848; VAU000265291;      TX0005998741;      TX0007384205;      TX0003082428;      TX0003082429; TX0007431958;   TX0004478574;   VA0001673790;   VA0001799775;   VA0001784738;   AND VA0001163619.

13.      Plaintiff is the sole owner and proprietor of all right, title, and interest in, and to, the copyrights for his illustrations, including all of those identified in the preceding paragraph and all of those at issue in this action (the "illustrations").

## DEFENDANT BLUE RIBBON'S CONDUCT

14.     Defendant Blue Ribbon is a fly fishing supply store, located in Yellowstone National Park.

15.     In addition to its fishing supplies, Defendant Blue Ribbon sells apparel, such as shirts, hats, and sweaters, with its name and images associated with fishing.

16.     Defendant Blue Ribbon Flies owns and/or operates the website with the URL address www.blueribbonflies.com (the "Website").

17.     Defendant Blue Ribbon Flies solicits the sale of its merchandise on the Website.

18.     On or about September 28, 2014, Plaintiff discovered that Defendant Blue Ribbon Flies, without authorization, had sold and was continuing to sell merchandise bearing at least one of Plaintiff's Illustrations and was displaying Plaintiff's illustration in advertising on Defendant Blue Ribbon Flies's Website. See Exhibit A, attached hereto.

## DEFENDANT OURAY'S CONDUCT

19.     Defendant Ouray solicits, encourages, and allows persons or entities ("Team Members") to upload digital images ("designs") to Defendant Ouray's website (the "Ouray Website"), which are then used by Defendant Ouray to produce customizable clothing and accessories, including but not limited to, t-shirts, baseball caps, sweatshirts, long sleeve t-shirts, and sweat pants, for paying customers.

20.     There are two (2) sales channels available on the Ouray Website:  A paying customer can upload a design, which Defendant Ouray will print on the bare apparel for retail or use by the paying customer; or a paying customer can purchase preprinted apparel for resale or use.

21.    Defendant Ouray refers to large paying customers as "Key Partners" on the Ouray Website.

22.    According to the Ouray Website, Defendant Ouray currently has 158 key partners, including corporate clients and college retailers.

23.    In order for a paying customer's design to appear on the Ouray Website, the paying customer uploads a digital image to the Ouray Website.

24.    Upon information and belief, the uploaded digital image is stored on Defendant Ouray's website and computers.

25.    Upon information and belief, the uploaded digital image is also stored on servers or cloud hosting services within Defendant Ouray's custody and/or control.

26.    When a paying customer places an order on the Ouray Website, Defendant Ouray collects the customer's money; downloads the digital image; transfers, prints, produces, or otherwise reproduces the digital image onto Defendant Ouray's products; and packages and ships the item to the paying customer.

27.    Defendant Ouray has the exclusive right to provide and manage all material aspects of the transactions with the paying customer, including internet hosting, marketing, search engine optimization, production of merchandise, shipping, invoicing, billing, customer service, product return, and refunds.

28.    Upon information and belief, Defendant Ouray intentionally removes the metadata from images uploaded to the Ouray Website, including copyright management information, thereby making it difficult for copyright owners to discover the infringing use of their images.

29.     On or about July 15, 2017, Plaintiff discovered that Defendant Ouray had, without authorization, reproduced and copied at least one of Plaintiff's Illustrations, presumably to distribute to Defendant Ouray's paying customers for retail.

30.     In August, 2017, Defendant Ouray received notice of Plaintiff's claims through communications initiated by Defendant Blue Ribbon Flies' agents.

31.     At least one (1) of Plaintiff's illustrations was uploaded to and/or made available on the Defendant Ouray's website for use on its products.

32.     Through the product customization and design process, Defendant Ouray digitally modified Plaintiff's illustration. See Exhibit A, attached hereto.

33.     The images printed on the merchandise are generally digitally modified from their original form in Plaintiff's Illustration.

35.     Upon information and belief, Defendant Ouray receives and uploads images on a regular basis, yet currently does not have an adequate system in place to protect against copyright infringement.

## CAUSES OF ACTION

### COUNT I
### Direct Infringement- Blue Ribbon Flies, Inc. and Ouray Sportswear LLC

36.     Plaintiff restates and realleges the allegations contained in the preceding paragraphs, 1 through 35, as if fully set forth herein.

37.     Defendants have infringed Plaintiff's copyright in his Illustration by scanning, copying, reproducing and displaying unauthorized copes thereof within the United States of America in violation of 17 U.S.C. § 101, *et seq*.  Such infringement was either non-willful, or alternatively, was committed willfully.

38.     Defendants have infringed Plaintiff's copyrights in his Illustration by offering for sale unauthorized copies thereof, and by selling same within the United States of America, and profiting thereby in violation of 17 U.S.C. § 101, *et seq*. Such infringement was either non-willful, or alternatively, was committed willfully.

39.     As a result of Defendants' above-described acts of copyright infringement, Plaintiff has sustained Damages including lost licensing revenue in an amount not yet ascertained, and profits that should be disgorged to Plaintiff.

## COUNT II
## Contributory and Vicarious Infringement- Ouray Sportswear, LLC

40.     Plaintiff restates and realleges the allegations contained in the preceding paragraphs, 1 through 39, as if fully set forth herein.

41.     Defendant Ouray has the authority, right, power, and ability to control the actions of its online storefront companies.

42.     Defendant Ouray encouraged, permitted, participated in, and/or otherwise allowed the infringements described above by the Ouray Website.

43.     Defendant Ouray has continuously and materially contributed to the infringing and unauthorized use of the copyrighted material described herein including, but not limited to, creating and maintaining the Ouray Website which enabled the infringements.

44.     Defendant Ouray directly profited from the infringements that occurred.

45.     As a result of the above-described acts of copyright infringement, Plaintiff has sustained damages including lost licensing revenue in an amount not yet ascertained, and Defendant Ouray is believed to have earned profits that should be disgorged to Plaintiff.

## COUNT III
### Injunctive Relief- Blue Ribbon Flies, Inc. and Ouray Sportswear, LLC

46.     Plaintiff restates and realleges the allegations contained in the preceding paragraphs, 1 through 45, as if fully set forth herein.

47.     Defendants' acts described herein have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and goodwill. Plaintiff has no other adequate remedy at law.

48.     By reason of Defendants' acts described herein, Plaintiff is entitled to temporary injunctive relief against Defendants restraining further acts of infringement and violations of the Digital Millennium Copyright Act; to attorneys' fees, costs and to profits attributable to Defendants' acts described herein.

## COUNT IV
### Violation of the Digital Millennium Copyright Act- Ouray Sportswear, LLC

49.     Plaintiff restates and realleges the allegations contained in the preceding paragraphs, 1 through 48, as if fully set forth herein.

50.     Defendant Ouray has intentionally removed and altered the copyright management information from Plaintiff's images, as and when they were uploaded to Defendant Ouray's website in violation of 17 U.S.C. § 1202.

51.     Defendant Ouray has knowingly and intentionally provided copyright management information for Plaintiff's images that is false and has distributed copyright management information for Plaintiff's images that is false in violation of 17 U.S.C. § 1202.

52.     By reason of Defendant Ouray's acts, Defendant Ouray has made it difficult for Plaintiff to discover the infringement.

## **PRAYER FOR RELIEF**

WHEREFORE, for the reasons stated above, Plaintiff prays for judgment against Defendants as follows:

52.     Plaintiff requests that Defendants be required to pay over to Plaintiff his actual damages sustained, plus all of its direct and indirect profits attributable to the infringements described herein;

53.     Alternatively, because the Illustration was registered prior to Defendants' infringements, Plaintiff seeks recovery of statutory damages up to One Hundred and Fifty Thousand Dollars ($150,000.00) per infringement.

54.     Plaintiff requests Defendant Ouray be required to pay statutory damages up to Twenty Five Thousand Dollars ($25,000.00) for each violation of 17 U.S.C. § 1202.

55.     Plaintiff requests Defendants Blue Ribbon and Ouray be required to pay Plaintiff his costs and attorneys' fees, pursuant to 17 U.S.C. § 505.

56.     Plaintiff requests the Court enter an Order temporarily and permanently enjoining Defendant Blue Ribbon from selling any merchandise bearing Plaintiff's illustration, advertising any merchandise bearing Plaintiff's illustration, or otherwise using Plaintiff's illustration.

57.     Plaintiff requests the Court enter an Order temporarily and permanently enjoining Defendant Ouray from selling any merchandise bearing Plaintiff's illustration, advertising any merchandise bearing Plaintiff's illustration, or otherwise using Plaintiff's illustration.

**PLAINTIFF JOSEPH R. TOMELLERI HEREBY DEMANDS TRIAL BY JURY.**

**EVANS & DIXON, LLC**

/s/ Kelly A. Ricke
_____

Kelly A. Ricke                                    CO 40137
9393 W. 110th Street, Suite 120
Overland Park, KS 66210
T: 913.440.0004 | F: 913.341.2293
kricke@evans-dixon.com
**ATTORNEYS FOR PLAINTIFF**